Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

Lewis R. Landau, Attorney at Law SBN 143391

23564 Calabasas Road, Suite 104

Calabasas, CA 91302

Voice and Fax (888)822-4340

*Attorney for* Plaintiff, Alan Jay Baron

FOR COURT USE ONLY

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:  Alan Jay Baron

Alan Jay Baron,   Plaintiff,
v
U.S. Bank National Association, as Trustee, for the Benefit of Harborview 2005-16 Trust Fund; ReconTrust Company, N.A.; Mortgage Electronic Registration Systems, Inc.,   Defendants.                              Debtor.

CHAPTER   13

CASE NUMBER 1:08-16222 KT
Adv. No.:      1:08-10590 KT

(No Hearing Required)

# NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(g)(1) FOR:

Entry of Default Judgment

1.  TO *(specify name)*: Parties in interest:

2.  NOTICE IS HEREBY GIVEN that Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion filed by Movant, a brief description of which is contained in the Description of Relief Sought attached hereto and served and filed herewith.  Said Motion is based upon the grounds set forth in the said Motion and accompanying Description of Relief Sought.  Said Motion is made pursuant to Local Bankruptcy Rule 9013-1(g)(1), which provides for granting of motions without a hearing.  (Check appropriate box below):

    ☒  The full Motion is attached hereto.

    ☐  The full Motion has been filed with the Bankruptcy Court and a detailed description of the relief sought is attached hereto.

3.  **Deadline for Opposition Papers and Request for a Hearing**: Pursuant to Local Bankruptcy Rule 9013-1(g)(1), any party objecting to the accompanying Motion may file and serve a written objection and request a hearing of this Motion.  If you fail to file a written response within fifteen (15) days of the date of service of this Notice, the Court may treat such failure as a waiver of your right to oppose this Motion and may grant the requested relief.

Dated: 2/4/09

Lewis R. Landau, Attorney at Law
*Law Firm Name*

By:  /s/ Lewis R. Landau

Date Notice Mailed: 2/4/09

Name:  Lewis R. Landau
*Attorney for Movant*

| | |
|---|---|
| 1 | **Lewis R. Landau (CA Bar No. 143391)**<br>**Attorney-at-Law** |
| 2 | 23564 Calabasas Road, Suite 104<br>Calabasas, California 91302 |
| 3 | Voice and Fax: (888) 822-4340 |
| 4 | Attorney for Alan Jay Baron, Debtor |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>Alan Jay Baron,<br>　　　　　　　Debtor. | Case No.: 1:08-16222 KT<br><br>Adversary No.: 1:08-01590 KT<br><br>Chapter 13 |
| Alan Jay Baron,<br>　　　　　　　Plaintiff,<br>vs.<br><br>U.S. Bank National Association, as Trustee,<br>for the Benefit of Harborview 2005-16 Trust<br>Fund; ReconTrust Company, N.A.; Mortgage<br>Electronic Registration Systems, Inc.,<br><br>　　　　　　　Defendants. | **MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>No Hearing Required Unless Objection Received |

Alan Jay Baron, Chapter 13 Debtor ("Debtor") herein moves for entry of a default judgment in the form attached hereto as Exhibit 1 against defaulting defendant U.S. Bank National Association, as Trustee, for the Benefit of Harborview 2005-16 Trust Fund ("US Bank") on the first, second and third causes of action contained in the complaint filed in the above captioned adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7055 and Local Bankruptcy Rule ("LBR") 7055-1(b). Conditioned upon entry of the requested default judgment against US Bank on the Debtor's first, second and third causes of action, the Debtor shall dismiss without prejudice all remaining causes of action and remaining defendants ReconTrust Company, N.A. ("ReconTrust"); Mortgage Electronic Registration Systems, Inc. ("MERS"). Debtor further requests that fees be awarded pursuant to LBR 7055-1(b)(4) . The Debtor's motion is contained in the following memorandum of points and authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PROCEDURAL HISTORY

On November 12, 2008, the Debtor filed his complaint ("Complaint") against US Bank, ReconTrust and MERS.  *See*, concurrently filed Request for Judicial Notice ("RFJN") at Exhibit 1 thereto.  On November 24, 2008, the Debtor duly effected service of the Complaint and returned service to the Court.  *See*, RFJN Exhibit 2.  On December 18, 2008, the clerk entered defaults against US Bank, ReconTrust and MERS.  See, RFJN Exhibit 3.

On January 20, 2009, the Court conducted a status conference in the within adversary proceeding and continued the status conference to February 24, 2009 pending the Debtor's filing of the within motion for entry of default judgment.

Based on all the foregoing, the Court should enter the default judgment requested by the Debtor in the form attached hereto as Exhibit 1.

## II.

## PROPRIETY OF SERVICE AND LBR 7055-1 DISCLOSURES

The Debtor only seeks relief against US Bank on the Debtor's first (declaratory relief), second (quiet title) and third (wrongful foreclosure) causes of action contained in the Complaint. Conditioned upon entry of the judgment attached hereto as Exhibit 1, the Debtor shall dismiss without prejudice his remaining causes of action and the remaining defendants.  Thus, the Court need only examine the propriety of service upon US Bank.

US Bank is an Insured Depository Institution as defined in FRBP 7004(h).  *See*, Exhibit 2 hereto and Declaration of Lewis R. Landau attached hereto.  Consequently, FRBP 7004(h)(1) provides as follows:

> **(h) Service of process on an insured depository institution.**
> Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless—
> **(1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail**;

FRPB 7004(h)(1) (emphasis added).

In this case, US Bank has appeared by its attorney. On September 15, 2008, Mark Domeyer appeared for US Bank by electronically filing a motion for relief from stay in the Debtor's chapter 13 case. *See*, RFJN Exhibit 4. Based thereon, and in compliance with FRBP 7004(h)(1), the Summons and Complaint were served by United States Mail to Mr. Domeyer. *See*, RFJN Exhibit 2.

Pursuant to LBR 7055-1(b)(1), the following disclosures are made:

(A) Defaults were entered against all defendants on December 18, 2008;

(B) No defendant is an infant or incompetent person;

(C) No defendant is an individual and no defendant is on active duty; and

(D) Notice of and this motion have been served on all parties served with the summons and complaint.

Based on all the foregoing, the Court should enter the default judgment requested by the Debtor in the form attached hereto as Exhibit 1.

III.

**FACTUAL BASIS SUPPORTING RELIEF SOUGHT**

On October 27, 2005, Debtor executed an Adjustable Rate Note ("Note") in favor of Countrywide Home Loans, Inc. ("CHL") in the principal amount of $1,910,000. A true and correct copy of the Note is attached to the Complaint as Exhibit 1; RFJN Exhibit 1. See also Declaration of Alan Jay Baron ("Baron Declaration") attached hereto.

On October 27, 2005, Debtor executed a Deed of Trust ("DOT") on real property owned by the Debtor located at 29711 Harvester Road, Malibu, California 90265 ("Residence") to secure the Note. A true and correct copy of the DOT is attached to the Complaint as Exhibit 2; RFJN Exhibit 1; Baron Declaration. The legal description of the Residence is attached thereto.

On February 28, 2007, ReconTrust in its capacity as foreclosure trustee under the DOT recorded a Notice of Default ("NOD") under the DOT and purportedly under California mortgage foreclosure law. A true and correct copy of the NOD is attached to the Complaint as Exhibit 3; RFJN Exhibit 1; Baron Declaration. At some point prior to March 6, 2007, US Bank obtained its interest in the Note and DOT. *See*, Exhibit 4 hereto and Baron Declaration.

On March 3, 2008, ReconTrust in its capacity as foreclosure trustee under the DOT recorded a Notice of Trustee's Sale ("NOS") under the DOT and purportedly under California mortgage foreclosure law. A true and correct copy of the NOS is attached to the Complaint as Exhibit 4; RFJN Exhibit 1; Baron Declaration.

On April 4, 2008, ReconTrust in its capacity as foreclosure trustee under the DOT conducted a non-judicial foreclosure sale of the Debtor's Residence. US Bank bid $2,040,000 at the sale and being the high bidder at the sale became the purchaser thereof for the bid amount ("Foreclosure Sale"). A true and correct copy of the Trustee's Deed reciting the foregoing facts is attached to the Complaint as Exhibit 6; RFJN Exhibit 1. The Trustee's Deed is authenticated in US Bank's motion for relief from stay as Exhibit 1 thereto. *See*, RFJN Exhibit 4.

On April 16, 2008, MERS recorded a "Corporation Assignment and Deed of Trust" Los Angeles County Recorder document number 20080655594 ("Assignment") purporting to transfer its beneficial interest under the DOT to US Bank. The Assignment bears an original date of February 27, 2007 (the day before the NOD was recorded) yet was executed on April 11, 2008, after the April 4, 2008 foreclosure sale. A certified copy of the Assignment is attached hereto as Exhibit 3.

On April 16, 2008, ReconTrust recorded a "Trustee's Deed Upon Sale" Los Angeles County Recorder document number 200806555945 ("Trustee's Deed") purporting to evidence the transfer of title in the Debtor's Residence to US Bank. A true and correct copy of the Trustee's Deed is attached to the Complaint as Exhibit 6; RFJN Exhibit 1.

## IV.

## LEGAL BASIS SUPPORTING RELIEF SOUGHT

Based on the foregoing, it is clear and indisputable that CHL assigned its interest in the Note and DOT to US Bank. However, US Bank failed to record an assignment of its interest until after the April 4, 2008 foreclosure sale and only filed the Assignment later as the document recorded immediately prior the Trustee's Deed. *See*, Exhibit 3 hereto. This sequence is unlawful and represents a void sale.

Pursuant to California Civil Code § 2932.5:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, ***the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.***

California Civil Code § 2932.5 (emphasis added).

Neither CHL nor MERS held a power of sale under the DOT at the time that ReconTrust recorded the NOS or conducted the Foreclosure Sale because neither CHL nor MERS was a beneficial owner of the Note or DOT. MERS executed and recorded the Assignment after the Foreclosure Sale as a sham attempt to feign compliance with California foreclosure law.

A sale that is not conducted in accordance with California foreclosure law procedures is void. The procedure for foreclosing on security by a trustee's sale pursuant to a deed of trust is set forth in Civil Code section 2924 et seq. Because nonjudicial foreclosure is a drastic sanction and a draconian remedy, the statutory requirements must be strictly complied with. A person seeking to exercise the power of sale in a deed of trust must slavishly adhere to the procedural requirements of the law governing nonjudicial foreclosures, and a trustee's sale based on a statutorily deficient notice is invalid. <u>Anolik v. EMC Mortgage Corp.</u>, 128 Cal. App. 4th 1581 (2005), *see also*, <u>Dimock v. Emerald Properties, LLC</u>, 81 Cal. App. 4th 868 (2000); <u>Baypoint Mortgage Corp. v. Crest Premium Real Estate etc. Trust</u>, 168 Cal. App. 3d 818 (1985); <u>Miller v. Cote</u>, 127 Cal. App. 3d 888 (1982).

Herein, US Bank foreclosed on the Debtor's Residence ***before recording*** its Assignment. Civil Code § 2932.5 mandates that, "[t]he power of sale may be exercised by the assignee ***if*** the assignment is duly acknowledged ***and recorded***." <u>Id</u>. (emphasis added). Here, because US Bank's Assignment was ***recorded after*** the foreclosure sale, the sale itself is void. The Debtor's first, second and third causes of action against US Bank seek to invalidate the sale and restore the Debtor's title to his Residence.

Based on all the foregoing, the Court should enter the default judgment requested by the Debtor in the form attached hereto as Exhibit 1.

## V.

## THE COURT SHOULD AWARD FEES AND COSTS

## PURSUANT TO LBR 7055-1(b)(4)

LBR 7055-1(b)(4) provides as follows:

(4) <u>Attorneys' Fees</u>.
(A) When a promissory note, contract, or applicable statute provides a basis for the recovery of attorneys' fees, a reasonable attorneys' fee may be allowed in a default judgment. Subject to subsection (b)(4)(B), the reasonableness of the attorneys' fee will be calculated based upon the amount of the judgment, exclusive of costs, according to the following schedule:

| Amount of Judgment | Attorneys' Fees Award |
|---|---|
| $0.01 - $1,000 | 30% with a minimum of $250 |
| $1,000.01 - $10,000 | $300 plus 10% of the amount over $1,000 |
| $10,000.01- $50,000 | $1,200 plus 6% of the amount over $10,000 |
| $50,000.01- $100,000 | $3,600 plus 4% of the amount over $50,000 |
| Over $100,000 | $5,600 plus 2% of the amount over $100,000 |

Herein, the Note provides for payment of the lender's note enforcement attorneys' fees. *See*, RFJN Exhibit 1, Complaint at Exhibit 1 ¶ 7(E). Under California law, such fee shifting provisions are automatically reciprocal. California Civil Code § 1717.

Herein, the amount of the judgment is equal to the value of the Residence at foreclosure based on US Bank's foreclosure bid or $2,040,000. Per the fee schedule, Debtor should be allowed fees of $44,400 ($5,600 plus 2% of $1,940,000) plus the Complaint filing fee of $250.

## VI.

## CONCLUSION

The Debtor respectfully requests that the Court enter the default judgment in the form attached hereto as Exhibit 1 and dismiss all remaining causes of action and defendants without prejudice and requests such other and further relief as the Court deems just and proper under the circumstances.

Dated: February 4, 2009

**Lewis R. Landau**
**Attorney at Law**

By:*/s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Plaintiff

# DECLARATION OF ALAN JAY BARON

I, Alan Jay Baron, do hereby declare:

1.  I am the chapter 13 debtor ("Debtor") in case number 1:08-16222 KT and plaintiff in adversary proceeding number 1:08-01590 KT. I have personal knowledge of the facts set forth herein.

2.  On November 12, 2008, I filed my complaint assigned adversary proceeding number 1:08-01590 KT ("Complaint") against U.S. Bank National Association, as Trustee, for the Benefit of Harborview 2005-16 Trust Fund ("US Bank"), ReconTrust Company, N.A. ("ReconTrust") and Mortgage Electronic Registration Systems, Inc. ("MERS").

3.  On October 27, 2005, I executed an Adjustable Rate Note ("Note") in favor of Countrywide Home Loans, Inc. ("CHL") in the principal amount of $1,910,000. A true and correct copy of the Note is attached to the Complaint as Exhibit 1.

4.  On October 27, 2005, I executed a Deed of Trust ("DOT") on real property owned by me located at 29711 Harvester Road, Malibu, California 90265 ("Residence") to secure the Note. A true and correct copy of the DOT is attached to the Complaint as Exhibit 2.

5.  On February 28, 2007, ReconTrust in its capacity as foreclosure trustee under the DOT recorded a Notice of Default ("NOD") under the DOT and purportedly under California mortgage foreclosure law. A true and correct copy of the NOD is attached to the Complaint as Exhibit 3.

6.  On March 3, 2008, ReconTrust in its capacity as foreclosure trustee under the DOT recorded a Notice of Trustee's Sale ("NOS") under the DOT and purportedly under California mortgage foreclosure law. A true and correct copy of the NOS is attached to the Complaint as Exhibit 4.

7.  On April 4, 2008, ReconTrust in its capacity as foreclosure trustee under the DOT conducted a non-judicial foreclosure sale of my Residence. According to the Trustee's Deed Upon Sale, US Bank bid $2,040,000 at the sale and being the high bidder at the sale became the purchaser thereof for the bid amount ("Foreclosure Sale"). A true and correct copy of the Trustee's Deed reciting the foregoing facts is attached to the Complaint as Exhibit 6.

8. On April 16, 2008, MERS recorded a "Corporation Assignment and Deed of Trust" Los Angeles County Recorder document number 20080655594 ("Assignment") purporting to transfer its beneficial interest under the DOT to US Bank. The Assignment bears an original date of February 27, 2007 (the day before the NOD was recorded) yet was executed on April 11, 2008, after the April 4, 2008 foreclosure sale. A certified copy of the Assignment is attached hereto as Exhibit 3. I personally obtained this certified copy from the Los Angeles County Recorder's Office.

9. On April 16, 2008, ReconTrust recorded a "Trustee's Deed Upon Sale" Los Angeles County Recorder document number 200806555945 ("Trustee's Deed") purporting to evidence the transfer of title in my Residence to US Bank. Again, a true and correct copy of the Trustee's Deed is attached to the Complaint as Exhibit 6.

10. I am informed and believe that US Bank obtained an assignment of my Note and Deed of Trust by at least March, 2007. I base this belief on internal foreclosure related documents I received by my subpoena from ReconTrust. Pursuant to an internal entry dated March 6, 2007, ReconTrust identified US Bank as an investor in my loan. A true and correct copy of the ReconTrust document is attached hereto as Exhibit 4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed February 4, 2009.

Alan Jay Baron

-8-

# DECLARATION OF LEWIS R. LANDAU

I, Lewis R. Landau, do hereby declare:

1.    I am an attorney duly admitted to practice law in the State of California and the United States District Court for the Central District of California.  I am litigation counsel to Alan Jay Baron ("Debtor') in adversary proceeding number 1:08-01590 KT.

2.    In order to determine the insured depository status (as set forth in FRBP 7004(h)) of U.S. Bank National Association, as Trustee, for the Benefit of Harborview 2005-16 Trust Fund ("US Bank"), I researched the FDIC database available online at http://www2.fdic.gov/idasp/main_bankfind.asp.  The FDIC database returned the results a true and correct copy of which are attached hereto as Exhibit 2.  Based thereon, I believe that US Bank is an "insured depository institution" as set forth in FRBP 7004(h).

3.    Pursuant to LBR 7055-1(b)(1), the following disclosures are made:

    a.   Defaults were entered against all defendants on December 18, 2008;

    b.   No defendant is an infant or incompetent person;

    c.   No defendant is an individual and no defendant is on active duty; and

    d.   Notice of and the motion for entry of default judgment have been served on all parties served with the summons and complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 4th day of February, 2009 at Los Angeles, California.

*/s/ Lewis R. Landau*
Lewis R. Landau

# EXHIBIT 1

**Lewis R. Landau (CA Bar No. 143391)**
**Attorney-at-Law**
23564 Calabasas Road, Suite 104
Calabasas, California 91302
Voice and Fax: (888) 822-4340

Attorney for Alan Jay Baron, Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Alan Jay Baron,<br><br>                   Debtor. | Case No.: 1:08-16222 KT<br><br>Adversary No.: 1:08-01590 KT<br><br>Chapter 13 |
| Alan Jay Baron,<br>                   Plaintiff,<br>vs.<br><br>U.S. Bank National Association, as Trustee, for the Benefit of Harborview 2005-16 Trust Fund; ReconTrust Company, N.A.; Mortgage Electronic Registration Systems, Inc.,<br><br>                 Defendants. | **DEFAULT JUDGMENT QUIETING TITLE TO 29711 HARVESTER ROAD, MALIBU, CALIFORNIA IN ALAN JAY BARON** |

      The Court has considered the motion filed by Alan Jay Baron, Chapter 13 Debtor ("Debtor") for entry of default judgment against defendant U.S. Bank National Association, as Trustee, for the Benefit of Harborview 2005-16 Trust Fund ("US Bank") on the first, second and third causes of action contained in the complaint filed in the above captioned adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7055 and Local Bankruptcy Rule ("LBR") 7055-1(b) and for an award of attorney's fees and costs.

      The Court, finding good cause therefore, hereby enters its **JUDGMENT** as follows:

///

///

///

///

1.  The Trustee's Deed Upon Sale recorded as document number 200806555945 on April 16, 2008 by the Los Angeles County Recorder is hereby declared void;

2.  Title to 29711 Harvester Road, Malibu, California 90265 is hereby quieted in Alan Jay Baron.  The legal description for 29711 Harvester Road, Malibu, California 90265 is as follows:

> THAT PORTION OF THE RANCHO TOPANGA MALIBU SEQUIT, IN THE CITY OF MALIBU. COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS CONFIRMED TO MATTHEW KELLER BY PATENT RECORDED IN BOOK 1, PAGE 407 ET SEQ., OF PATENTS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:
>
> BEGINNING AT A POINT IN THE CENTER LINE OF EASEMENT NO. 2 (HARVESTER ROAD), DESCRIBED IN THE DECLARATION OF EASEMENTS RECORDED JANUARY 16, 1947 IN BOOK 24092, PAGE 408 OF OFFICIAL RECORDS, SAID POINT OF BEGINNING BEING NORTH 89° 57' 29" WEST 258.00 FEET FROM THE EASTERLY EXTREMITY OF THE CENTER LINE COURSE DESCRIBED IN SAID EASEMENTS AS NORTH 89° 57' 29" WEST 731.49 FEET; THENCE FOLLOWING THE CENTER LINE OF SAID EASEMENT NORTH 89° 57' 29" WEST 100.00 FEET; THENCE NORTH 00° 02' 31" EAST 576.61 FEET; THENCE SOUTH 84° 59' 09" EAST 100.375 FEET; THENCE SOUTH 00° 02' 31" WEST 567.91 FEET TO THE POINT OF BEGINNING.
>
> SAID LAND IS ALSO SHOWN AS A PORTION OF PARCEL 17 IN BLOCK 2 ON A RECORD OF SURVEY FILED IN BOOK 58, PAGE 29 OF RECORDS OF SURVEY. IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
>
> PARCEL NO.:  4469-028-001

3.  Debtor is the prevailing party on the first, second and third causes of action of the Complaint.  Pursuant to Local Bankruptcy Rule 7055-1(b)(4), Debtor is awarded attorneys' fees of $44,400 and costs of $250 against US Bank.

4.  Pursuant to Federal Rule of Bankruptcy Procedure 7041(a)(2), all remaining claims and causes of action are dismissed without prejudice.

5.  The Court shall retain jurisdiction over this matter to issue such further orders as may be necessary to aid in the perfection of title in the Debtor.

**IT IS SO ORDERED.**

Dated: _____

                                       **KATHLEEN THOMPSON**
                                       **UNITED STATES BANRUPTCY JUDGE**

# EXHIBIT 2

Back to Search Bank Find

## Your Bank at a Glance

---

**U.S. Bank National Association** (FDIC Cert: 6548) **is FDIC Insured.**

**U.S. Bank National Association** has been FDIC insured since **January 1, 1934.**
It was established on **July 13, 1863.**
Its main office (headquarters) is located at:
> **425 Walnut Street**
> **Cincinnati, Ohio 45202**
> **County of Hamilton**

**U.S. Bank National Association** has **2851** Domestic Branches (Offices) located in **26** state(s) and **2** Foreign
(Check to locate Branches (Offices) by state.)

U.S. Bank National Association's reported (or primary) website: http://www.usbank.com:80/

**U.S. Bank National Association** is chartered as a National Bank. Therefore the primary regulator is the **Offi
Comptroller of the Currency (OCC)**. For **consumer assistance** regarding an issue with this institution, plea
the **OCC** directly using http://www.helpwithmybank.gov/.

Calculate your FDIC insurance coverage at U.S. Bank National Association using FDIC EDIE at www.fdic.gov/edie.
Last financial information available about U.S. Bank National Association.
Historical profile of U.S. Bank National Association.

For additional information please click on one of the following:
1. For more information on Federal Deposit Insurance, Your Insured Deposits or Insured or Not Insured
2. View the industry's overall picture - Statistics at a Glance
   (This will open a new window.)
3. Current Financial data about your bank - Institution Directory – Two years Financial Report
   (This will open a new window.)
4. Examine your bank's financial data - Yes
5. Study branching and deposit market share - Summary of Deposits/Market Share
6. Analyze and compare individual institutions and create custom reports - Institution Directory – Compa
7. Review industry using 8 predefined reports - Statistics on Depository Institutions
8. Identify the latest performance trends in your state - Quarterly Banking Profile State Tables
   (This will open a new window.)
9. Analyze institutions and custom peer groups - Statistics on Depository Institutions
10. View branch office deposit information - Summary of Deposits
11. Community Reinvestment Act (CRA) Performance Ratings - CRA Performance Ratings
12. FDIC's Disclaimer - FDIC's Disclaimer

Questions, Suggestions & Requests

**Home    Contact Us    Search    Help    SiteMap    Forms**
Freedom of Information Act (FOIA) Service Center    Website Policies    USA.gov
FDIC Office of Inspector General

14

# EXHIBIT 3



**This page is part of your document - DO NOT DISCARD**



**20080655594**   Pages:
                    002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

04/16/08 AT 08:00AM

Fee:  9.00
Tax:  0.00
Other: 0.00
Total: 9.00

Title Company

**TITLE(S) :** _____



L E A D     S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**     **Number of AIN's Shown**



**THIS FORM IS NOT TO BE DUPLICATED**

16

## LANDSAFE TITLE

RECORDING REQUESTED BY:

RECONTRUST COMPANY, N.A.
**AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:**

RECONTRUST COMPANY, N.A.
1757 TAPO CANYON ROAD, SVW-88SIMI
VALLEY, CA 93063



04/16/08

**20080655594**

*2*

TS No. 07-07146

7-01648

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## CORPORATION ASSIGNMENT OF DEED OF TRUST/MORTGAGE

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND TRANSFER TO:

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF HARBORVIEW 2005-16 TRUST FUND**

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 10/27/2005, EXECUTED BY:
ALAN BARON, AN UNMARRIED MAN,TRUSTOR: TO RECONTRUST COMPANY, N.A., TRUSTEE AND
RECORDED AS INSTRUMENT NO. 05 2737554 ON 11/14/2005, OF OFFICIAL RECORDS IN THE COUNTY
RECORDER'S OFFICE OF LOS ANGELES COUNTY, IN THE STATE OF CALIFORNIA.

DESCRIBING THE LAND THEREIN: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE AND
TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE UNDER SAID
DEED OF TRUST/MORTGAGE.

APR 1 0 2008
DATED: ~~February 27, 2007~~                    **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

State of: **CALIFORNIA**              )       BY: _Renee Friedman_
County of: **VENTURA**                )       Renee Friedman, Assistant Secretary

On _April 11, 2008_ before me, **Angeles Medina**_____, notary public, personally appeared
**Renee Friedman**_____, who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.
Signature _Angeles M_____ (Seal)

Angeles Medina



ANGELES MEDINA
Commission # 1786299
Notary Public - California
Ventura County
My Comm. Expires Dec 23, 2011

*Form asgnmnt(97/01)*

This is a true and certified copy of the record if it bears the seal, imprinted in purple ink, of the Registrar-Recorder/County Clerk

JAN 16 2009

REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

# EXHIBIT 4

**TEXT**

ESR046R1   NMATHEW   CFC FORECLOSURE          S1C   10/30/2008  5:51:10
                                 CC- 1 ! WC- 5
Account: 114909362Mortgagor: ALAN BARON              CFC
Follow-Up Date: _____
<... ... 1 ... ... 2 ... ... 3 ... ... 4 ... ... 5 ... ... 6 ... ... 7 ... ...>


.SECTION-   1 DT-02/16/2007      /KMYLE    /
************ FRQ REVIEW COMMENTS **************
No funds were found in EPW, MPP, EDI & speedpay. E
quity position is not required. Heloc 151815542 is
 less than 90days past due.
FRQ>>> Kiet-My Le / Ext: 596-6732


.SECTION-   2 DT-02/16/2007      /KMYLE    /
************ FRQ  REVIEW  **************
Reviewed Action: Approve
Reasons Selected:
1. All Approvals Met and Review Complete

FRQ>>> Kiet-My Le / Ext: 596-6732


.SECTION-00003                   ATR002R
.DT-02/26/2007, TM-22:40:00,CFC@FOR
Automated Attorney Referral.  Referred to Foreclosure.
Attorney: RECON TRUST COMPANY, N.A. - CA   Date: 02/27/2007
Foreclose in the name of: COUNTRYWIDE HOME LOANS, INC., FOR THE BENEFIT OF G


.SECTION-00004                   FCLSERVACT
.DT-03/02/2007, TM-05:03:44,NODR
NOD recorded 02/28/2007 entered by NODR.Data from BPI


.SECTION-   5 DT-03/06/2007      /LCERVAN1 /
per tml call borrower, tt Mr, rfd illness in borro
wers family, stated has been helping with monthly
expenses cause him to fall behind...mr is self-emp
loyed ..uff 0, updated lmf +6,615.57 positive, in
tent to keep property, educated on  possible repym
nt plan, adv would refer  for additional workout a
ssistance adv no gurantee on workout approval, adv
 mr needs poi /harship letter, mr understood .....


HMSAVR>>> Linda Cervantes / Ext: 580-9622


.SECTION-   6 DT-03/06/2007      /LCERVAN1 /
***********************REFER TEMPLATE**********
********************** NEW W/O TYPE: Repay   INVES
TOR: US BANK HARBORVIEW   RFD: ILLNESS IN BORROWERS
 FAMILY   RECVD CURRENT POI & LTR OF H/S: Faxing to
 documentum  TOTAL INCOME: $13,500.43  TOTAL EXPENSE
S: $6884.43  UNECUMBERED INCOME: $+6615.57 POSITIVE

| In re: Baron | | CHAPTER: 13 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 1:08-16222 KT |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
23564 Calabasas Road, Suite 104, Calabasas, CA 91302

A true and correct copy of the foregoing document described as  Notice of and Motion for Entry of Default Judgment _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On  2/4/09 _____  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  2/4/09 _____  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Via Mail:  Judge Kathleen Thompson, US Bankruptcy Judge
21041 Burbank Blvd, Suite 305
Woodland Hills, CA 91367

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/4/09 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                   **F 9013-3.1**

| In re: Baron | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:08-16222 KT |

**ADDITIONAL SERVICE INFORMATION (if needed):**

ReconTrust Company, N.A.
c/o Countrywide Financial Corporation
The Prentice Hall Corporation System Inc
2730 Gateway Oaks Dr Ste 100
Sacramento CA 95833-3503

Al Seastrand
Agent for Service for MERS
2216 16TH St
Sacramento CA 95818-1511

U.S. Bank, as Trustee FBO Harborview 2006-16 Trust Fund
c/o US Bancorp
CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

Mark T. Domeyer
Keenan E. McClenahan
Tami Crosby
Miles, Bauer, Bergstrom & Winters
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626

Renee Friedman, Asst Secretary
ReconTrust Company, N.A.
Mortgage Electronic Registration Service, Inc.
1757 Tapo Canyon Road, SVW-88
Simi Valley, CA 93063

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**